IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**TROY LEE BRANDON**                                                                 **PLAINTIFF**

V.                           CASE NO. 5:18-CV-05098

**SHERIFF TIM HELDER, Washington
County; KARAS HEALTH CARE; and
DR. ROBERT KARAS**                                                                 **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Troy Lee Brandon has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff was being arraigned at the courtroom at the jail. The presiding judge asked the Plaintiff if he was on any medication. Plaintiff responded that he was. Shortly afterwards, Plaintiff fainted and fell backwards across a table injuring his neck and both arms.

Medical staff responded but only checked Plaintiff's blood pressure and pulse. Plaintiff alleges that once he told the judge he was on medication, he should have been allowed to sit down. If he had been allowed to sit down, Plaintiff alleges that he would not

have been injured. Plaintiff alleges that after he collapsed, he was placed in a wheel chair and taken back to his cell rather than to the medical department. Medical staff did not address the pain in his neck and arms.

As relief, Plaintiff is seeking compensatory and punitive damages. He also seeks compensation for future wages, as his pain is continuous and he believes he will be unable to work.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff has asserted no plausible claims against Sheriff Helder. Plaintiff has not alleged that Sheriff Helder was personally or directly involved in the alleged constitutional violation. There is no allegation that Sheriff Helder even knew that Plaintiff fainted and allegedly incurred injuries to his neck and arms. There is no allegation Sheriff Helder was involved in making decisions about Plaintiff's medical care. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and

direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (internal quotation marks and citation omitted). A supervisor may not be held liable under § 1983 under a respondeat superior theory of liability; in other words, a supervisor may not be held liable because he employs the individual who is alleged to have violated the Plaintiff's constitutional rights. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 397 (8th Cir. 2007). Nor can a supervisor be held liable merely because he has general supervisory authority over the facility. *Clemmons*, 477 F.3d at 967. There is no basis for an individual liability claim against Sheriff Helder.

Furthermore, the Complaint does not allege that a policy or custom of Washington County caused the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) (a plaintiff seeking to impose § 1983 liability on a municipality must show that an official policy or a widespread custom or practice of unconstitutional conduct caused the deprivation of plaintiff's rights). There is no basis for an official capacity claim against Sheriff Helder.

### III. CONCLUSION

For the reasons stated, the claims asserted against Sheriff Helder are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, all claims against Sheriff Helder are **DISMISSED WITHOUT PREJUDICE**, and he is **TERMINATED** as a Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

The Complaint will be served on the remaining Defendants.

**IT IS SO ORDERED** on this 25th day of June, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE